IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TINA CARSON,

      Plaintiff,

      v.                                                                                  Case No. 21-4053-JAR-KGG

BLAIR T. GISSI, ET AL.,

      Defendants.

**MEMORANDUM AND ORDER**

On August 18, 2021, Plaintiff Tina Carson, proceeding pro se, filed a Verified Complaint alleging wrongful foreclosure of her property in Ulysses, Kansas, and asserting claims under federal and state law against the following Defendants: Blair T. Gissi, Faye Servicing, Richard Beheler, Gergory Funding, Ajax Mortgage Loan Trust, US Bank National Association, and James T. McIntyre.  Plaintiff attached a Certificate of Service, indicating that she filed the Complaint, and "a copy was mailed out to Plaintiff's attorney on record and/or by electronic filing by the clerk."[1]  She circled the word "or."  The Certificate of Service also indicates she mailed the Complaint to Defendants McIntyre, Beheler, and Gissi, as well as the Consumer Protection Bureau, "Judge Herron," and "former Judge Nugent."[2]  No summons has issued.

Before the Court is Plaintiff's August 18 filing, captioned "Judicial Temporary Restraining Order—Permanent—Injunction & Demand for an Emergency Hearing Because of the Pending Lawsuit in Federal Court" (Doc. 3).  Plaintiff attached a "Certificate of Mailing" to this filing, indicating that she provided a copy of the document by certified return receipt to

---

[1] Doc. 1 at 16.

[2] *Id.*

Defendant Beheler, Judge Herron, and that it was "cc'd" Judge Nugent. The Court has reviewed this filing and is prepared to rule. As described more fully below, Plaintiff's motion is denied.

## I. Standard for Issuing a Temporary Restraining Order Without Notice

Fed. R. Civ. P. 65(b)(1) governs when a temporary restraining order can be issued by the Court without notice to the adverse parties:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

A temporary restraining order ("TRO") preserves the status quo and prevents immediate and irreparable harm until the court has an opportunity to pass upon the merits of a demand for preliminary injunction.[3] The Court applies the same standard governing issuance of preliminary injunctions.[4] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[5] This standard "requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction."[6]

---

[3] *Flying Cross Check, L.L.C. v. Central Hockey League, Inc.,* 153 F. Supp. 2d 1253, 1258 (D. Kan. 2001).

[4] *See Rangel-Lopez v. Cox*, 344 F. Supp. 3d 1285, 1289 (D. Kan. 2018).

[5] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[6] *Id.* at 22 (citations omitted).

**II.     Discussion**

Plaintiff's motion fails to make a sufficient showing she will suffer irreparable and immediate harm before Defendants can be given notice of this lawsuit and the motion, and be heard.  She provides no information about the state court foreclosure action, such as where it was filed, the status of the case, or the date of the foreclosure sale.  And Plaintiff failed to certify in writing her efforts to give Defendants notice of this motion, and the reasons why it should not be required here.  It appears that Plaintiff may have sent a copy of the Complaint and motion to certain Defendants, but there is no indication that she has caused summons to issue, or that she has mailed a copy of these documents to all of the named Defendants.  These deficiencies are fatal to Plaintiff's claim that emergency relief is warranted under Fed. R. Civ. P. 65(b)(1).

Additionally, in order to obtain injunctive relief, Plaintiff must demonstrate a likelihood of success on the merits of this case.  In the Complaint, Plaintiff asserts claims for breach of contract, RICO violations, RESPA violations, slander of title, slander of credit, intentional infliction of emotional distress, and malicious prosecution.  She repeatedly refers to a state court foreclosure action, although she provides no details about the location or status of that case.  She asserts that this Court, rather than the state court, has jurisdiction over the foreclosure.

Plaintiff has not demonstrated a likelihood of success on the merits of her claims.  First, Plaintiff fails to allege facts to support each cause of action asserted.  Second, after reviewing Plaintiff's Complaint and the instant motion for TRO, there is a serious question about whether the *Younger* abstention doctrine precludes this Court from exercising jurisdiction and interfering with the pending state court proceedings by granting equitable relief—such as an injunction of

the foreclosure proceedings—when such relief could adequately be sought before the state court.[7]

*Younger* requires a federal court to abstain when there is "an ongoing state judicial . . . proceeding, the presence of an important state interest, and an adequate opportunity to raise federal claims in the state proceedings."[8]  Once these three conditions are met, *Younger* abstention is nondiscretionary and, absent extraordinary circumstances, a district court is required to abstain.[9]  Based on the limited record before the Court, it appears that there is an ongoing state foreclosure case; the state court provides an adequate forum to hear the issues raised by plaintiff in these motions, such as challenges to that court's jurisdiction; and Kansas has a strong interest in foreclosures of land located in the state.[10]  This Court's review of the record demonstrates no extraordinary circumstances that would warrant not applying *Younger* and abstaining from exercising jurisdiction in this matter.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's "Judicial Temporary Restraining Order—Permanent—Injunction & Demand for an Emergency Hearing Because of the Pending Lawsuit in Federal Court" (Doc. 3) is **denied**.  Plaintiff shall effectuate service of the Summons, Complaint, and Motion for Temporary Restraining Order, as well as this Order, on all Defendants, as required by the federal and local rules.

**IT IS SO ORDERED.**

---

[7] *Younger v. Harris*, 401 U.S. 37 (1971).

[8] *Planned Parenthood of Kan. v. Anderson*, 882 F.3d 1205, 1221 (10th Cir. 2018) (quoting *Ute Indian Tribe of the Uintah & Ouray Resv. v. Utah*, 790 F.3d 1000, 1008 (10th Cir. 2015)).

[9] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir.2003) (citation omitted).

[10] *See Botwin Fam. Partners, L.P. v. Thrivent Fin. for Lutherans*, No. 12-2549-RDR, 2013 WL 1304469, at *2 (D. Kan. Mar. 26, 2013) (collecting cases).

5

Dated: August 20, 2021

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            CHIEF UNITED STATES DISTRICT JUDGE