**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

TINA CARSON                                    )
                                               )
                    Plaintiff,                 )
                                               )   Case No. 5:21-cv-4053-JAR-KGG
v.                                             )
                                               )
                                               )
BLAIR T. GISSI, *et. al*,                      )
                                               )
                    Defendants.                )
_____)

## NOTICE AND ORDER TO SHOW CAUSE

On August 18, 2021, Plaintiff, Tina Carson, filed a Complaint naming as Defendants Blair T. Gissi, Faye Servicing LLC, Richard Beheler, Gregory Funding, Ajax Mortgage Loan Trust 2018F, US Bank National Association, and James T. McIntyre. (Doc. 1). Plaintiff attached a Certificate of Service to the Complaint which indicated that "a copy was mailed out to Plaintiff's attorney on record and/or by electronic filing by the clerk." (*Id.*, at 16). The District Judge noted that she circled the word "or." The Certificate of Service also indicated she mailed the Complaint to Defendants McIntyre, Beheler, and Gissi, as well as the Consumer Protection Bureau, "Judge Herron," and "former Judge Nugent." (*Id.*). No summons has issued.

Plaintiff moved for a "Judicial Temporary Restraining Order—Permanent— Injunction & Demand for an Emergency Hearing Because of the Pending Lawsuit in Federal Court." (Doc. 3). The District Judge denied the motion on August 20, 2021. The District Judge further ordered that Plaintiff "effectuate service of the Summons,

1

Complaint, and Motion for Temporary Restraining Order, as well as [the memorandum and order denying the motion], on all Defendants, as required by the federal and local rules." (Doc. 6, at 4). Plaintiff filed a revised civil cover sheet (Doc. 7) on August 24, 2021 but has otherwise taken no further action.

Federal Rule of Civil Procedure 4(m) governs the time limit for service. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Additionally, Fed. R. Civ. P. 41(b) provides that the court may dismiss an action for failure to prosecute. Here, Plaintiff has not effectuated service of the summons on any Defendant in this case and more than 90 days has passed since the complaint was filed. Moreover, Plaintiff has not complied with a previous order of the Court ordering Plaintiff to effectuate service of the motion for temporary restraining order and the memorandum and order denying that motion.

Accordingly, the Court orders Tina Carson to show cause in writing by December 31, 2021, why the undersigned magistrate judge should not recommend that its claims be dismissed pursuant to Rule 4(m) and/or Rule 41(b).

**IT IS SO ORDERED.**

Dated November 18, 2021, at Wichita, Kansas.

s/ Kenneth G. Gale
Kenneth G. Gale
U.S. Magistrate Judge