IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TINA CARSON,** | |
| Plaintiff, | |
| v. | Case No. 21-4053-JAR-KGG |
| **BLAIR T. GISSI, et al.,** | |
| Defendants. | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Tina Carson's Motion for Extension of Time (Doc. 15) and Magistrate Judge Kenneth G. Gale's Report and Recommendation of Dismissal (Doc. 13). As described more fully below, the Court finds moot Plaintiff's motion for extension of time and adopts as its own Judge Gale's Report and Recommendation (Doc. 13).

On August 18, 2021, Plaintiff, proceeding *pro se*, filed a Verified Complaint alleging wrongful foreclosure of her property in Ulysses, Kansas, and asserting claims under federal and state law against the following Defendants: Blair T. Gissi, Faye Servicing, Richard Beheler, Gregory Funding, Ajax Mortgage Loan Trust 2018F, US Bank National Association, and James T. McIntyre. Plaintiff attached a Certificate of Service, indicating that she filed the Complaint, and "a copy was mailed out to Plaintiff's attorney on record and/or by electronic filing by the clerk."[1] She circled the word "or." The Certificate of Service also indicates she mailed the Complaint to Defendants McIntyre, Beheler, and Gissi, as well as the Consumer Protection Bureau, "Judge Herron," and "former Judge Nugent."[2] No summons have been issued.

---

[1] Doc. 1 at 16.

[2] *Id.*

In an August 20, 2021 Memorandum and Order, this Court denied Plaintiff's motion for a temporary restraining order.³ The Court found that Plaintiff had not shown she was likely to succeed on the merits because she failed to allege sufficient facts to support her alleged claims, and because the *Younger* abstention doctrine precludes this Court from exercising jurisdiction and interfering with any pending state court proceedings by granting equitable relief—such as an injunction of the foreclosure proceedings—when such relief could adequately be sought before the state court.⁴ The Court directed Plaintiff to "effectuate service of the Summons, Complaint, and Motion for Temporary Restraining Order, as well as this Order, on all Defendants, as required by the federal and local rules."⁵

Several months passed with no activity in this case. Judge Gale issued an Order to Show Cause on November 18, 2021, requiring Plaintiff to show cause in writing why he should not recommend that her claims be dismissed under Fed. R. Civ. P. 4(m) for failure to serve, or under Fed. R. Civ. P. 41(b) for failure to prosecute. Plaintiff sought and was granted two extensions of time to respond to the Show Cause Order, until February 18, 2022. In her second motion for extension of time, filed on February 4, 2022, Plaintiff cited the following as reasons for the requested extension: she was looking for legal counsel and researching the law, she "had to re-onboard which is a process for her travel job related contracts . . . around 9 hours away," COVID-19 issues, broken pipes at her well requiring her to haul water to her animals, studying for her Pediatric Advance Life support exam, responding to other legal issues and deadlines, and being caught in a snowdrift due to inclement weather.⁶

---

³ Doc. 6.
⁴ *See Younger v. Harris*, 401 U.S. 37 (1971).
⁵ Doc. 6 at 4.
⁶ Doc. 11.

Despite being granted these two extensions, Plaintiff did not respond to the Order to Show Cause. Thus, on March 10, 2022, Judge Gale issued a Report and Recommendation of Dismissal, citing Plaintiff's failure to respond to the Order to Show Cause or serve the Defendants in this case.[7]

Federal Rule of Civil Procedure 72(b)(2) governs objections to a magistrate judge's Report and Recommendation: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Within this fourteen-day period, Plaintiff filed a "Motion in Response to Show Cause."[8] The document is identical in form and substance to her second motion for extension of time to respond to Judge Gale's Order to Show Cause on February 4, 2022. Indeed, the motion is even dated February 4, 2022. Because this filing seeks an extension of time to respond to the show cause order, it is moot. Plaintiff's time to respond to that order has long since expired, and Judge Gale has now recommended dismissal. Plaintiff's recent filing offers no objection to the Report and Recommendation of Dismissal, nor any reason for her failure to serve Defendants in this matter more than seven months after the case was filed.

Fourteen days having passed, and no written objections being filed to the proposed findings and recommendations filed by Magistrate Judge Kenneth G. Gale, and after a *de novo* determination upon the record pursuant to Fed. R. Civ. P. 72(b), the Court accepts as its own the recommended decision to dismiss this case without prejudice under Rule 4(m) and Rule 41(b).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Tina Carson's Motion for Extension of Time (Doc. 15) to respond to the Order to Show Cause is **moot**. The

---

[7] Doc. 13.
[8] Doc. 15.

Court adopts as its own Judge Gale's March 10, 2022 Report and Recommendation (Doc. 13), and this case is hereby **dismissed without prejudice**.

**IT IS SO ORDERED.**

Dated: March 31, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
